# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA A. GILLESPIE-BELLA,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | NO. CV 16-9534-KS<br><br>MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

Delia A. Gillespie-Bella ("Plaintiff") filed a Complaint on December 27, 2016, seeking review of the denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Dkt. No. 1.) The parties have consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 12-14.) On June 12, 2018, the parties filed a Joint Stipulation. (Dkt. No. 31 ("Joint Stip.").) Plaintiff seeks an order reversing the Commissioner's decision and ordering the payment of benefits or, in the alternative, remanding for further proceedings. (Joint Stip. at 14-15, 20.) The Commissioner

1

requests that the ALJ's decision be affirmed or, in the alternative, remanded for further proceedings. (*Id.* at 20-22.) The Court has taken the matter under submission without oral argument.

**SUMMARY OF PRIOR PROCEEDINGS**

Prior to the instant application, Plaintiff filed two other applications for SSI. (Administrative Record ("AR") 358-59.) The first was filed on January 16, 2008 and denied on July 2, 2008. (*Id.*) The second was filed on December 29, 2009 and denied on June 11, 2010. (AR 359.) Plaintiff's request to reopen the second application was denied. (*Id.*)

On September 20, 2010, Plaintiff, who was born on November 22, 1961, filed the instant application for SSI. (AR 61, 358.) Plaintiff alleged disability commencing on January 1, 2005 due to asthma, arthritis, kidney disease, diabetes, lower back problems, and a heart condition. (AR 67, 359.) After the Commissioner denied Plaintiff's application initially (AR 26), Plaintiff requested a hearing (AR 73). At a hearing held on September 21, 2011, at which Plaintiff appeared with counsel, an Administrative Law Judge ("ALJ") heard testimony from Plaintiff and a vocational expert. (AR 38-57.) On October 27, 2011, the ALJ issued an unfavorable decision denying Plaintiff's application for SSI. (AR 26-33.) On May 10, 2013, the Appeals Council denied Plaintiff's request for review. (AR 1-6.)

Plaintiff filed a Complaint in the district court in Case No. CV 13-4585-PLA. On April 3, 2014, the Magistrate Judge reversed the final decision of the Commissioner for failure to properly consider the opinion of an examining physician and remanded the action for further administrative proceedings. (AR 440-49.)

///

On April 11, 2016, an administrative hearing was held (AR 382-87) but was continued until August 10, 2016 (AR 565-94). At the continued hearing, Plaintiff appeared with counsel, and the ALJ heard testimony from two medical experts, Plaintiff, and a vocational expert. (*Id.*) On September 7, 2016, the ALJ issued an unfavorable decision denying Plaintiff's application for SSI. (AR 358-76.)

**SUMMARY OF LATEST ADMINISTRATIVE DECISION**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her September 20, 2010 application date and that Plaintiff had the following severe impairments: arthritis of the back and right shoulder, asthma, hypertension, history of compensated liver cirrhosis due to ethanol abuse, diabetes mellitus, polyneuropathy with decreased bilateral foot sensation with a normal gait, and depression. (AR 361.) The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairment listed in the Commissioner's Listing of Impairments. (AR 362.) The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the equivalent of light work with additional postural limitations and a limitation to simple, repetitive work. (AR 364.) Although Plaintiff had no past relevant work (AR 374), the ALJ found that she could perform other work in the national economy: laundry worker, mail clerk, and office helper (AR 375). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.*)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial

3

evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation omitted); *Desrosiers v. Sec'y of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).

///

4

**DISCUSSION**

Plaintiff alleges that the ALJ improperly rejected Plaintiff's testimony about her symptoms. (Joint Stip. at 5.) For the reasons discussed below, the Court concludes that this issue does not warrant reversal of the ALJ's decision.

**A.     Applicable Law**

Effective March 28, 2016, Social Security Ruling ("SSR") 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on September 7, 2016, it is governed by SSR 16-3P. *See id.* at *13 and n.27. In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that a subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). Rather, adjudicators will more closely follow the Commissioner's regulations, which require that adjudicators "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3P, 2017 WL 5180304, at *2. However, the changes are largely stylistic, and SSR 16-3P is consistent with Ninth Circuit precedent that existed before its effective date. *See Trevizo*, 871 F.3d at 678 n.5

An ALJ must make two findings in assessing a claimant's pain or symptom testimony. SSR 16-3P, 2017 WL 5180304, at *3; *Treichler v. Comm'r of SSA*, 775

F.3d 1090, 1102 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (quoting *Lingenfelter*, 504 F.3d at 1036). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id.*; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

In assessing a plaintiff's testimony, the ALJ may consider a number of factors, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3P, 2017 WL 5180304, at *7-*8; 20 C.F.R. § 416.929(c). The ALJ must also "specifically identify the testimony [from the claimant that] she or he finds not to be credible and . . . explain what evidence undermines the testimony." *Treichler*, 775 F.3d at 1102 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). "General findings are insufficient." *Brown-Hunter*, 806 F.3d at 493 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

///

///

///

**B.     Plaintiff's Testimony**

During the administrative hearing, Plaintiff testified about her symptoms. She said she is "completely deaf" in one ear. (AR 579.) She can stand and walk for five to ten minutes at a time. (AR 579-80.) Sometimes, she cannot get out of bed on her own because of low back pain. (AR 580.) She cannot stand, especially when she is washing dishes. (*Id.*) She can sit for 25 minutes at a time. (AR 581.)

She takes many medications, including Neurontin and Gabapentin, but has no side effects. (AR 582.) She has someone drive her to doctor's appointments. (AR 583.) She cannot shop for groceries, has no social activities, and spends most of the day watching television. (*Id.*) She can lift only about two pounds at a time, anything heavier causes her back to hurt. (AR 584.) Although she attended the administrative hearing with a cane, it was not medically prescribed. (*Id.*) She last drank alcohol in 2004, and any evidence to the contrary is "not true." (AR 585-86.)

**C.     Analysis**

As an initial matter, the Commissioner points out that the ALJ noted evidence suggesting that Plaintiff engaged in malingering during a 2010 consultative examination. (Joint Stip. at 17 (citing AR 258-59).) This evidence, however, does not alter the Court's legal standard, nor is it construed as a reason why the ALJ rejected Plaintiff's subjective complaints. First, because the Commissioner only mentions this evidence but does not argue that it should lower the applicable legal standard, the Court still applies the "clear and convincing" standard. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014) (declining to apply a lesser legal standard to the evaluation of a claimant's subjective complaints in light of evidence of malingering where the Commissioner did not expressly argue for it); *see also Burrell*

7

*v. Colvin*, 775 F.3d 1133, 1136 and n.1 (9th Cir. 2014) (same).  Second, this evidence is not construed as a reason why the ALJ rejected Plaintiff's subjective complaints because the ALJ never specifically linked this reason to her rejection of Plaintiff's complaints.  *See Brown-Hunter*, 806 F.3d at 494.

Moreover, the Court may review only the reasons the ALJ actually asserts to reject Plaintiff's testimony.  *See Burrell*, 775 F.3d at 1138 (citing *Connett*, 340 F.3d at 874).  The Court may not take an ALJ's general finding—about an unspecified conflict between Plaintiff's testimony and the evidence—and comb the administrative record to find specific conflicts that the ALJ never identified.  *Id*.  Thus, the Court may review only the reasons that the ALJ specifically identified as reasons to reject Plaintiff's subjective complaints, and only the evidence that the ALJ specifically linked to those reasons.

Here, the ALJ determined that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her subjective symptom allegations were "not entirely consistent with the medical evidence and other evidence in the record."  (AR 364-65.)  As support for this determination, in two separate parts of the ALJ's decision, the ALJ made specific findings with links to the medical record that, collectively, amounted to five reasons to reject Plaintiff's testimony.  (AR 368, 374.)

First, the ALJ found that despite Plaintiff's liver condition, she had continued to use alcohol and had made statements that were inconsistent with her hearing testimony that she last used alcohol in 2004, which led the ALJ to conclude that her "efforts to improve her condition and symptoms are poor and reflect negatively on her overall consistency."  (AR 368.)  The ALJ identified two pieces of evidence in this regard:  (1) "a June 6, 2014, treatment note reflects active alcohol usage, which

contradicts her hearing testimony that she last drank in 2004" (AR 368 (citing AR 937)); and (2) in May 2010, Plaintiff told an examining psychologist that she last drank two or three months earlier (AR 371 (citing AR 256)).[1]

A claimant's inconsistent statements about her use of drugs or alcohol may be a legally sufficient reason to reject her subjective symptom testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1990). Here, although the first piece of cited evidence did not support the ALJ's determination in this regard, the second piece did. The first piece of cited evidence, the treatment note from June 6, 2014, shows that although Plaintiff reportedly smelled like alcohol, she affirmatively denied alcohol use and claimed to have had an energy drink. (AR 937.) Regardless of whether Plaintiff was truthful, this evidence did not clearly demonstrate that she had made an inconsistent statement about alcohol use. However, the second piece of cited evidence, the May 2010 psychological examination, does show that Plaintiff told the psychologist that she last used alcohol two or three months earlier (AR 256), which was inconsistent with her hearing testimony that she last used alcohol in 2004 (AR 585-86). Thus, Plaintiff's statement to the examining psychologist in May 2010 was a legally sufficient reason for the ALJ to reject Plaintiff's subjective symptom testimony based on inconsistent statements about alcohol use.

///
///

---

[1] Although the evidence of the May 2010 psychological examination was discussed on a different page of the ALJ's decision (AR 371) than the page discussing Plaintiff's alcohol use (AR 368), the ALJ's discussion of the May 2010 examination was sufficiently detailed and specific for the Court to determine that it was "linked" to the ALJ's evaluation of Plaintiff's subjective symptom allegations based on the inconsistency of her statements about alcohol use. *See Brown-Hunter*, 806 F.3d at 494.

9

Second, the ALJ found that Plaintiff's allegations were not fully consistent with the record, specifically because Plaintiff had informed two medical providers that she was independent in her activities of daily living. (AR 374 (citing AR 957, 1755).) A claimant's statements about her daily activities that "contradict [her] other testimony" may be a legally sufficient reason to reject her subjective symptom allegations. *See Orn*, 495 F.3d at 639. Plaintiff disputes this reason, however, because the ALJ did not "specifically identify" what testimony by Plaintiff was inconsistent with her two statements to the medical providers about her daily activities. (Joint Stip. at 12.) The Court concurs. *See Burrell*, 775 F.3d at 1138 ("[T]he ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony.") (emphasis in original); *see also Ross v. Berryhill*, 711 F. App'x 384, 386 (9th Cir. 2017) ("[T]he ALJ failed to identify specific symptom testimony the ALJ found to be inconsistent with [the claimant's] reported activities of daily living."). Accordingly, this was not a legally sufficient reason to reject Plaintiff's subjective symptom allegations.

Third, the ALJ found medical non-compliance: "on repeated occasions, treatment notes document that [Plaintiff] failed to keep her appointments, which indicates that she was non-compliant with her medical regimen." (AR 374.) As support, the ALJ cited several instances from the record in which Plaintiff had failed to keep a medical appointment. (AR 367 n.4.) According to the record submitted to the Court, the missed appointments occurred over several years. (*Id.*, citing AR 238 [February 2, 2010]; 237 [February 22, 2010]; 276 [September 23, 2010]; 799 [February 22, 2011]; 345 [May 5, 2011]; 796 [May 31, 2011]; 792 [July 29, 2011]; 343 [September 12, 2011]; 1016 [November 3, 2011]; 1014 [April 26, 2012]; 785 [December 6, 2012]; 1002 [May 2, 2013]; 930 [July 10, 2014]; 930 [July 24, 2014]; and 946 [August 5, 2014].) This was a legally sufficient reason to reject Plaintiff's subjective symptom allegations. *See, e.g., Molina*, 674 F.3d at 1113 ("We have long held that, in assessing a claimant's [subjective allegations], the ALJ may properly rely

on 'unexplained or inadequately explained failure to follow a prescribed course of treatment.'") (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (noting that a failure to follow prescribed treatment may "cast doubt on the sincerity of the claimant's pain testimony"); *see also Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (holding that the ALJ properly rejected the claimant's symptom testimony in part because gaps existed in her treatment regimen).

Plaintiff disputes this reason on multiple grounds. (Joint Stip. at 12-13.) Initially, Plaintiff argues that the missed appointments did not occur very often because they were spread over several years. (*Id*. at 12.) But this circumstance does not invalidate the ALJ's reasoning. Plaintiff's missed appointments were sufficiently numerous and regular so that the ALJ could have reasonably inferred non-compliance. *See Agatucci v. Berryhill*, 721 F. App'x 614, 618 (9th Cir. 2017) (upholding the ALJ's finding of non-compliance despite the claimant's argument that she only missed two appointments and could not afford treatment). Similarly, Plaintiff argues that the medical record is otherwise voluminous and demonstrates her compliance with treatment. (Joint Stip. at 12-13.) But the ALJ's finding of non-compliance was not precluded by the fact that Plaintiff did attend several other medical appointments. *See Burch*, 400 F.3d at 681 ("That Burch's pain was not severe enough to motivate her to seek these forms of treatment, *even if she sought some treatment*, is powerful evidence regarding the extent to which she was in pain.") (emphasis added) (citation and brackets omitted). Finally, Plaintiff suggests that her missed appointments should be excused because of her depression. (Joint Stip. at 13.) But the Court has reviewed the medical record and has found "no medical evidence that [Plaintiff's] resistance [to treatment] was attributable to her mental impairment rather than her own personal preference." *See Molina*, 674 F.3d at 1114. Indeed, the medical record contains little evidence of any limitations from Plaintiff's depression during the relevant period. In

11

sum, Plaintiff has not shown any legitimate explanation for her numerous missed appointments. *See Fair*, 885 F.2d at 604 (affirming ALJ's credibility evaluation where the claimant "has not put forward any evidence that reconciles the inconsistency between [her] words and [her] actions" regarding her non-compliance with her treatment regimen). Thus, the Court cannot conclude that the ALJ made an unreasonable inference of non-compliance from the evidence. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (stating that in reaching findings the ALJ "is entitled to draw inferences logically flowing from the evidence").

Fourth, the ALJ found that Plaintiff used a cane that no doctor had prescribed: "[T]here is no indication that [Plaintiff's] use of a cane is medically necessary. . . . In fact, [Plaintiff] admitted in her testimony that her cane is not prescribed [AR 584], which suggests that she is able to walk away from such an assistance device without significant difficulty." (AR 374.) As Plaintiff points out, however, the ALJ did not articulate how this fact warranted rejection of Plaintiff's testimony. (Joint Stip. at 12.) The Court concurs. Although a claimant's use of a cane in an attempt to mislead the ALJ may be a factor to discount his or her subjective allegations, *see Verduzco*, 188 F.3d at 1090, the record here does not demonstrate a similar attempt to mislead, given Plaintiff's admission that the cane was not medically prescribed (AR 584). The ALJ did not give any other clear explanation for why Plaintiff's use of a cane that she admitted was not prescribed should cast doubt on her allegations. *See Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) (emphasizing that it is incumbent upon an ALJ to make specific findings so the reviewing court "may not speculate" as to the findings). Accordingly, this reason was not legally sufficient to reject Plaintiff's subjective symptom testimony.

Fifth, the ALJ found that "[b]oth [Plaintiff's] physical and mental impairments appear controlled with medication." (AR 374.) The ALJ did not, however, cite any

12

evidence for this proposition as to Plaintiff's mental impairments. The only supporting evidence cited by the ALJ for this reason is a reference to four pieces of evidence that the ALJ construed as showing Plaintiff's diabetes, hypertension, and asthma were "well-controlled" or "controlled." (AR 366 n.3, citing AR 989 [July 2, 2013]; 976 [February 13, 2014]; 963 [May 5, 2014]; and 927 [August 25, 2014].) Although evidence from other time periods showed poor control of Plaintiff's diabetes and hypertension (AR 275, 1264, 1352, 1523, 1697), the ALJ's interpretation of the evidence as demonstrating apparent control with medication was rational. *See Burch*, 400 F.3d at 679. Accordingly, the Court finds that this reason was legally sufficient in part: as to Plaintiff's impairments of diabetes, hypertension, and asthma, the ALJ's identification of evidence showing control with medication gave rise to a legally sufficient reason to reject Plaintiff's subjective symptom allegations as to those physical impairments. *See Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); *see also Morgan v. Comm'r of the SSA*, 169 F.3d 595, 600 (9th Cir. 1999) (holding that an ALJ properly rejected a claimant's complaints by pointing to specific evidence of improvement with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting that an ALJ may consider whether treatment produced a fair response or control of pain that was satisfactory).

In sum, the ALJ provided three reasons that were legally sufficient to discount Plaintiff's subjective symptom allegations: inconsistent statements about alcohol use; non-compliance with her treatment regimen; and control of her diabetes, hypertension, and asthma with medication. The ALJ also provided at least two other reasons, based on Plaintiff's statements about daily activities and her use of a non-prescribed cane, which were legally insufficient but amounted to harmless error. *See Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (holding that an ALJ's reliance

on two unsupported reasons was harmless error where the adverse credibility determination otherwise was supported by legally sufficient reasons). Accordingly, this issue does not warrant reversal.

## CONCLUSION

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and Defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: August 20, 2018

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE